UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

---------------------------------------- x
JEFF HALE, on behalf of himself and all : 
others similarly situated, : CASE NO.
 :
Plaintiff, :
 : **CLASS ACTION COMPLAINT AND**
v. : **DEMAND FOR JURY TRIAL**
 :
EMERSON ELECTRIC COMPANY, :
a Missouri Corporation, :
 :
Serve: Frank L. Steeves :
       8000 West Florissant Ave :
       St. Louis, MO 63136 :
 :
Defendant. :
---------------------------------------- x

Jeff Hale, by his attorneys, on behalf of himself and all others similarly situated ("Plaintiff") makes the following allegations and claims for his class action complaint against Defendant Emerson Electric Company ("Emerson" or "Defendant"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

## NATURE OF THE CASE

1. This class action is brought by Plaintiff seeking damages and incidental equitable relief on his own behalf and on behalf of all other similarly situated consumers, who purchased Emerson's Ridgid Brand wet/dry vacuum cleaners (the "Vacuums") from March 29, 2007 through the date that a notice of class certification is disseminated (the "Class").

2. At all times relevant hereto, Defendant manufactured and marketed the Vacuums to consumers nationwide from inside the State of Missouri. Defendant sold, and continues to

sell, the Vacuums by way of materially false and misleading representations regarding the horsepower of these devices. Defendant's representations materially overstate the horsepower of its Vacuums.

3.    Accordingly, by advertising and selling the Vacuums with the false horsepower claims to consumers from within the state of Missouri, Defendant has violated Missouri's Merchandising Practices Act ("MMPA"), and has breached the warranties accompanying these devices to the detriment of both Plaintiff and members of the Class.

## JURISDICTION AND VENUE

4.    This is an action for money damages in which the amount in controversy exceeds the sum of $5,000,000 exclusive of interest, costs, and attorneys' fees. This Court has jurisdiction over the subject matter and all causes of action asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

5.    The Court has personal jurisdiction over Defendant because Defendant has, at all times relevant to this cause of action, conducted business in this State, advertised and sold products in this State, committed a statutory violation within this State related to the allegations made in this Complaint, and caused damages to the Plaintiff and Class members in this State.

6.    Venue is proper in this District because Defendant is headquartered and conducts substantial business here. A significant portion of the events and conduct giving rise to the violations of law in this action occurred in this county.

## PARTIES

**A.    PLAINTIFF**

7.    Plaintiff Jeff Hale is a citizen of New Jersey residing in Lake Hiawatha, New Jersey. Plaintiff saw Emerson's deceptive statements regarding horsepower and purchased a model WD1270 Vacuum from Defendant during the Class Period, for personal/household use, at

Home Depot. Plaintiff saw Defendant's misleading statements regarding horsepower on the Vacuum prior to his purchase.

**B.  DEFENDANT**

8.  Defendant Emerson Electric Company is a corporation formed under the laws of the State of Missouri, with its principal place of business in St. Louis, Missouri. Defendant advertises, distributes, markets and sells the Ridgid Vacuums to consumers throughout the country.

**STATEMENT OF FACTS AND SUBSTANTIVE ALLEGATIONS**

9.  Defendant's Ridgid Vacuums are designed to remove solid debris and liquid through the use of suction generated by an electric motor, for collection in a container. As these machines are designed and advertised to lift materials heavier than that of a conventional household vacuum, the power of the machine is its most important characteristic to consumers.

10. Horsepower, often noted as "HP", is an objective engineering term used to denote the power output of an electric motor, is a function of a machine's torque and rotational speed, and is represented in the following equation, where P is power in horsepower, torque is measured in foot-pounds, and force is measured in speed of rotations per minute:

$$P(hp) = torque(ft * lb) * force(RPM)/5252$$

11. Horsepower can also be calculated as a function of an electric motor's current, efficiency, and voltage, as represented by the following equation, where P is power in horsepower, V is voltage input into the device, I is current in amps used by the motor, and Eff is the efficiency of the motor:

$$P(hp) = V * I * Eff/746$$

12. Emerson markets and sells the Vacuums with objective representations of the horsepower of these devices, including a notation of the unit's horsepower on all marketing materials describing the Vacuum, on the packaging of the Vacuum, and on the Vacuum itself.

13. For example, Defendant's website states, in regard to the WD1270 purchased by plaintiff, that "[i]ts 5.0 peak HP motor delivers the suction power necessary to handle tough clean-up chores." *See* Ridgid, http://www.ridgid.com/Tools/WD1270-12G-Vac/EN/index.htm (last accessed March 28, 2012). Similarly, a "product sheet" on Defendant's website states that the WD1270 has a "Peak Horsepower" of 5.0 which "[d]elivers the powerful suction needed for efficient clean up of large messes." *See* Ridgid, http://www.ridgid.com/pdf/WD1270.pdf (last accessed March 28, 2012).

14. Contrary to Defendant's representations, the Vacuums owned by Plaintiff and other class members produce materially less horsepower than has been represented and warranted by Defendant. These representations materially overstate the true horsepower of the devices when measured through generally accepted scientific methods, such as the equation set forth above, and are without any accepted scientific or engineering basis.

15. As a direct and proximate result of the actions of the Defendant, Plaintiff and members of the Class have suffered an ascertainable loss.

## CLASS ACTION ALLEGATIONS

16. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff sues on his own behalf and on behalf of a Class defined as:

> All consumers in the United States who purchased a Ridgid Wet/Dry Vacuum from March 28, 2007 through the date that a notice of class certification is disseminated.

17. Excluded from the Class are Defendant herein, and any of its officers and directors at any relevant time, their immediate families and their legal representatives, heirs,

4

successors, or assigns, and any entity in which Defendant has or had a controlling interest, or which had or has a controlling interest in Defendant.

18. The Class consists of numerous individuals throughout the country, making individual joinder impractical. Although Plaintiff cannot know the size of the Class without discovery, he reasonably believes that the Class encompasses no fewer than thousands of individual consumers who are geographically dispersed throughout the nation. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and the Court.

19. All members of the Class have been subject to and affected by the same practices and policies and common thread of misconduct resulting in injury to Plaintiff and all members of the Class as described herein. There are numerous questions of law and fact that are common to the Class and can be answered on a classwide basis, the resolution of which will substantially advance this litigation. These questions include, but are not limited to, the following:

    a. Whether Defendant has materially overstated the horsepower of the Vacuums;

    b. Whether Defendant's conduct violated the MMPA;

    c. Whether the sale of the Vacuums violated the express warranties which accompanied the devices;

    d. Whether the members of the Class have suffered an ascertainable loss as a result of Defendant's conduct; and

    e. Whether as a result of Defendant's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief.

20. The claims of the named Plaintiff are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that both the Plaintiff and the other members of the Class are subject to Defendant's same wrongful practices.

21. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are aligned with those of the Class, and Plaintiff is committed to the vigorous prosecution of the Class' claims. Plaintiff has retained competent and experienced attorneys who are qualified to pursue this litigation and have significant experience in Class actions.

22. Certification is appropriate under Rule 23(b)(3). Common issues predominate over any individualized issues, because Defendant has engaged in a consistent and uniform practice that has injured all Class Members in the same fashion. All Class Members were subject to Defendant's materially misleading advertising, and all suffered an ascertainable loss when they purchased Defendant's Vacuums. The common questions enumerated above predominate over any individual issues that could conceivably be raised.

23. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by the individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, and would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court. There will be no difficulty in the management of this action as a class action.

24.     Defendant has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**Violation of the Missouri Merchandising Practices Act Mo. Rev. Stat. § 407.010 *et seq.***

25.     Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

26.     Defendant's acts complained of herein occurred in and emanated from the State of Missouri.

27.     Plaintiff and all members of the Class are "persons" and the Vacuums are "merchandise" as those terms are defined under the MMPA.

28.     As set out in this Complaint, Defendant's marketing of the Vacuums constitutes deception, false pretense, misrepresentation, unfair practices, or, at a minimum, the concealment, suppression, or omission of a material fact in violation of Mo. Rev. Stat. § 407.020. In particular, Defendant marketed its Vacuums with horsepower ratings that are overstated.

29.     As a result of Defendant's actions, consumers, including Plaintiff, were misled or deceived that the Vacuums they were purchasing conformed to the horsepower representations in the marketing materials, the packaging, the accompanying documentation, and on the products themselves.

30.     Defendant's deceptive acts caused Plaintiff and the Class Members an ascertainable loss within the meaning of Mo. Rev. Stat. § 407.025. In particular, Plaintiff and the Class have paid a premium for Vacuums which contained a materially overstated horsepower

7

rating, and which, had they known the truth, Plaintiff and the Class would not have purchased at the prices they did and/or would not have purchased them at all.

31. Plaintiff seeks, on behalf of himself and the members of the Class, actual damages, attorneys' fees and court costs.

## COUNT II
### Breach of Express Warranty

32. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

33. Defendant's affirmations of fact and/or promises relating to the Vacuums' horsepower formed a part of the basis of the bargain between Plaintiff and the Class, on one hand, and Defendant on the other.

34. Accordingly, Defendant's representations created express warranties that the devices conformed to the represented horsepower ratings noted in the marketing materials, on the Vacuum's packaging, and on the Vacuum itself.

35. At all times relevant hereto, Defendant marketed and sold the Vacuums with those express representations regarding the horsepower of these devices.

36. The Vacuums did not conform to those express representations, as the true objective horsepower of each machine was materially less than had been expressly warranted.

37. Accordingly, Defendant breached its express warranty, directly causing damage to Plaintiff and the members of the Class.

38. By this complaint, Plaintiff has notified Defendant of its breach of warranties on behalf of himself and the Class. If Defendant does not cure its breach within a reasonable time, Plaintiff will amend this complaint to seek damages.

## COUNT III

**Violation of the Magnuson-Moss Act (15 U.S.C. § 2301 *et seq.*)**

39. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

40. Plaintiff and the Class are consumers as defined in 15 U.S.C. § 2301(3).

41. Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

42. The Vacuums are consumer products as defined in 15 U.S.C. § 2301(6).

43. Defendant's representations regarding the horsepower of its Vacuums constituted a part of the basis of the bargain between Plaintiff and other Class Members, on the one hand, and Defendant on the other.

44. By reason of Defendant's breach of its express warranties regarding the horsepower ratings of its Vacuums, defendants have violated the statutory rights due the Plaintiff and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, thereby damaging plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

(i) Declaring that this action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23, certifying Plaintiff as the Class representative and designating his counsel as counsel for the Class;

(ii) Awarding Plaintiff and the Class compensatory damages, punitive damages, and attorneys' fees for Defendant's violations of the Missouri Merchandising Practices Act;

(iii) Awarding damages to Plaintiff and the Class for Defendant's breach of warranty;

9

  (iv) Requiring Defendant to inform the public of the true horsepower ratings of its Vacuums and enjoining Defendant from the improper marketing of these devices;

  (v) Awarding pre- and post-judgment interest;

  (vi) Awarding attorneys' fees, expenses, and costs; and

  (vii) Awarding such other and further relief as this Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims so triable as a matter of right.

Dated:  March 29, 2012

/s/ David W. Bauman

**THE PADBERG & CORRIGAN LAW FIRM**
David W. Bauman
dave@padberglaw.com
1926 Chouteau Avenue
St. Louis, MO 63103
Telephone: (314) 621-2900
Facsimile: (314) 621-7607

**MILBERG LLP**
Sanford P. Dumain
sdumain@milberg.com
Andrei Rado
arado@milberg.com
Roland Riggs
rriggs@milberg.com
One Pennsylvania Plaza
New York, NY 10019
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**LITE DEPALMA GREENBERG LLC**
Bruce D. Greenberg
BGreenberg@litedepalma.com
Marissa L. Quigley
MQuigley@litedepalma.com
Two Gateway Center
12th Floor
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

**LAX LLP**
Robert I. Lax
rlax@lax-law.com
380 Lexington Avenue, 31st Floor
New York, NY  10168
Telephone:  (212) 818-9150
Facsimile:  (212) 818-1266

*Attorneys for Plaintiff*